USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-22-08

APR 22 2008

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Russell L. Hirschhorn
Attorney at Law

~~Direct Dial 212.969.3286~~
rhirschhorn@proskauer.com

**MEMO ENDORSED**

April 22, 2008

**By Hand**

The Honorable Richard M. Berman
United States District Court Judge, SDNY
500 Pearl Street
New York, NY 10007

Re:   *Hernandez v. United Wire, Metal and Machine Pension Fund, et al.*
      Docket No. 08 Civ. 2507 (RMB/DCF)

[Handwritten endorsement: Pl to respond with 2-3 pp letter (+ authorities) by 4/28/08. Notify + counsel thereafter to set conference with Court deputy. D's time to respond is postponed until such conference.]

**SO ORDERED:**
Date: 4/22/08
Richard M. Berman, U.S.D.J.

Dear Judge Berman:

We represent the defendants in the above-referenced lawsuit and write to request the scheduling of a pre-motion conference for defendants' contemplated motion to dismiss plaintiff's complaint. Because the motion would be in lieu of an answer, defendants also request that their time to submit a response, currently scheduled for May 1, 2008, be set at the conference.

Plaintiff commenced this lawsuit under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), seeking pension and death benefits from the United Wire, Metal and Machine Pension Fund (the "Fund" or "Plan") by virtue of the participation of Juan Hernandez ("Mr. Hernandez"), a former participant who is now deceased, to whom plaintiff contends she was married.

<u>Plan Terms, Benefits Paid & Administrative Record</u>

In March 1989, Mr. Hernandez submitted to the Fund a signed and notarized application for pension benefits in which he represented that he was single, and a signed and witnessed

**PROSKAUER ROSE LLP**

The Honorable Richard M. Berman
April 22, 2008
Page 2

beneficiary designation form. As an unmarried participant, Mr. Hernandez was entitled to a pension payable to him for life, subject to the condition that, if he died before 36 payments were made, the remainder of the 36 payments would be made to his named beneficiary. If Mr. Hernandez had identified himself as married, his pension would have been reduced in order to allow for continued pension payments, at one-half of the amount previously paid, to his surviving spouse for the duration of her life. Mr. Hernandez received a pension until his death in August 2005. Upon his death, the Fund paid a death benefit to his named beneficiary.

Four months later, plaintiff submitted a claim for pension and death benefits, contending that, at the time of Mr. Hernandez's death, she was married to Mr. Hernandez. Enclosed with that letter was a document that purported to be a copy of a marriage certificate from Puerto Rico for plaintiff and Mr. Hernandez. The Board of Trustees ("Trustees") denied plaintiff's claim for benefits because the Fund had a: (i) notarized statement from Mr. Hernandez stating that he was not married at the time he applied for a pension; (ii) signed and witnessed beneficiary designation form designating a different individual for his death benefit; and (iii) death certificate indicating that he was single. The Trustees also determined that plaintiff had not provided conclusive proof that she was married to Mr. Hernandez at the time of his death.

Applicable Law

Where, as here, the written plan documents confer upon the plan administrator the discretionary authority to determine eligibility, the Court's review of plaintiff's claims is governed by ERISA's highly deferential arbitrary and capricious standard of review, which requires that the Trustees' decisions concerning plan interpretation be upheld unless they are

**PROSKAUER ROSE LLP**

The Honorable Richard M. Berman
April 22, 2008
Page 3

arbitrary and capricious. *See, e.g., Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995).[1] Under this deferential standard of review — indeed, under any standard of review — plaintiff's claims should be dismissed for the reasons set forth in the claim and appeal denial letters, which are cited and referred to by plaintiff and thus incorporated into the complaint. The Plan is permitted to pay benefits in a form it did where, as here, it is established to the satisfaction of the Trustees that there is no spouse. *See* ERISA § 205(c)(2)(B), 29 U.S.C. § 1055(c)(2)(B).

Even if the Court were to conclude that plaintiff should be entitled to receive benefits from the Plan because plaintiff and the Trustees were reasonably deceived by Mr. Hernandez's representations (a conclusion the Court should not reach) plaintiff still would be not be entitled to the relief she is seeking. As a matter of law, any recovery for plaintiff would be reduced by the amount of the overpayment of pension benefits made to Mr. Hernandez. *See, e.g.*, ERISA § 205(c)(6), 29 U.S.C. § 1055(c)(6); *Hearn v. Western Conference of Teamsters Pension Trust Fund*, 68 F.3d 301 (9th Cir. 1995). Thus, if not dismissed in its entirety, plaintiff's complaint should be dismissed to the extent it is seeking the full pension benefit and death benefit, rather than the net amount after deducting the overpayment.

We thank the Court for its consideration in this matter.

Respectfully submitted,

Russell L. Hirschhorn
cc:    Andrew W. Robertson, Esq. (by email)

---

[1] To the extent plaintiff seeks monetary damages as a remedy for her fiduciary breach claim, such a remedy is impermissible. *See, e.g., Great-West Life & Annuity Insur. Co. v. Knudson*, 534 U.S. 204 (2002).