# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

| | |
|---|---|
| LOS ANGELES<br>213-892-4000<br>FAX: 213-629-5063 | MUNICH<br>49-89-25559-3600<br>FAX: 49-89-25559-3700 |
| PALO ALTO<br>650-739-7000<br>FAX: 650-739-7100 | FRANKFURT<br>49-69-7593-7170<br>FAX: 49-69-7593-8303 |
| WASHINGTON, D.C.<br>202-835-7500<br>FAX: 202-835-7586 | TOKYO<br>813-3504-1050<br>FAX: 813-3595-2790 |
| LONDON<br>44-207-448-3000<br>FAX: 44-207-448-3029 | HONG KONG<br>852-2971-4888 |
| | SINGAPORE<br>65-6428-2400 |

APR 28 2008

**MEMO ENDORSED**

Andrew W. Robertson
DIRECT DIAL NUMBER
212-530-5494
Fax: 212-822-5494
E-MAIL: arobertson@milbank.com

April 28, 2008

**BY HAND**

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, N.Y. 10007

Re: *Hernandez v. United Wire, Metal and Machine Pension Fund*, No. 08-CV-2507

[Handwritten endorsement: I expect the parties to engage in good faith settlement discussions prior to the 5/19/08 conference @ 9:15. In any event, I'm not sure how much sense there is in motion practice. It certainly will not impede (quick) discovery in this case. SO ORDERED. Date: 4/28/08. Richard M. Berman, U.S.D.J.]

Dear Judge Berman:

We represent Plaintiff Antonia Hernandez in the above-referenced matter and write in response to Defendants' April 22, 2008 letter regarding permission to file a motion to dismiss the Complaint. For the reasons set forth below, and others, Defendants' contemplated motion is inappropriate and would serve only to delay this proceeding. If the Court permits Defendants to file their motion, Plaintiff requests that it be briefed and heard at the earliest opportunity convenient for the Court and that the parties be permitted to proceed forthwith with discovery.

As the Court is well aware, the standard governing motions to dismiss requires that the well pleaded allegations in the Complaint be accepted as true. As alleged in the Complaint, Plaintiff and Juan Hernandez ("Hernandez") were married in Puerto Rico in November 1965. (Compl. ¶ 22.) They remained married until Hernandez's death in August 2005. (*Id.* ¶ 23.) The relevant government agencies in New York and Puerto Rico have confirmed that their files

contain no record of divorce between Plaintiff and Hernandez, and the Social Security Administration has determined that Plaintiff is entitled to widow's benefits relating to Hernandez's employment. (*Id.* ¶¶ 24-25.) As Hernandez's lawful spouse at the time of his death, Plaintiff is entitled to survivor benefits in connection with his pension pursuant to Section 205 of ERISA, 29 U.S.C. § 1055.[1]

The Complaint further alleges that Defendants allowed Hernandez to elect a 36 Certain Pension based exclusively on his representations in a 1989 application for benefits that he was unmarried, and that that Defendants did not take any steps to confirm the truth of Hernandez's representations notwithstanding that Hernandez acknowledged that he was married to Plaintiff on IRS Forms W-4 and other employment-related documents that were reasonably accessible to Defendants. (Compl. ¶¶ 27-31.) In addition, the Complaint alleges that Defendants denied Plaintiff's claim for survivor benefits subsequent to Hernandez's death based on the unverified representations in the 1989 application and a death certificate that was of questionable reliability because it misstated Hernandez's date of birth. (*Id.* ¶¶ 34, 37-41.) In doing so, Defendants disregarded substantial credible evidence that Plaintiff was Hernandez's spouse, including a sworn affidavit from Plaintiff, a marriage certificate, and a certificate of no divorce from the State of New York. (*Id.* ¶ 40.)

These allegations establish not only a breach of ERISA's fiduciary standards, but also an abuse of discretion under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). *Lester v. Reagan Equipment Co. Profit Sharing Plan and Employee Savings Plan*, 1992 WL 211611 (E.D. La. Aug. 19, 1992) (copy enclosed), is directly on point. There, as here, the plan administrator

---

[1] Congress enacted Section 205 to protect spouses of pension plan participants by granting the spouse an interest in the participant's benefits and requiring plan fiduciaries to safeguard the spouse's interest in a manner consistent with ERISA's strict fiduciary standards.

Hon. Richard M. Berman
April 28, 2008
Page 3

accepted, without investigation, a participant's representations that his wife could not be located. *Id.* at **2-3. In finding that the administrator abused its discretion, the court emphasized that ERISA's strict fiduciary standards required the administrator to take at least some steps to confirm the truth of the representations even though the representations were made in a notarized letter that was valid on its face. *Id.* at **6-7. Likewise, here, Defendants' uncritical acceptance of Hernandez's representations and failure to appropriately consider the substantial evidence provided by Plaintiff constitute an abuse of discretion by Defendants.[2]

The Complaint's allegations also prevent Defendants from invoking the safe harbor provisions of Section 205(c)(6) to withhold benefits from Plaintiff based on the overpayment of benefits to Hernandez. Section 205(c)(6) applies only where a plan fiduciary's reliance on the participant's representations was consistent with ERISA's strict fiduciary standards. 29 U.S.C. §§ 1055(c)(6), 1104. Because the Complaint alleges that Defendants failed to satisfy those standards in relying on Hernandez's representations, Defendants cannot successfully invoke Section 205(c)(6) in their motion. *Lester*, 1992 WL 211611, at *6.[3]

We thank the Court for its consideration of this matter.

Respectfully submitted,

Andrew W. Robertson

cc: Russell L. Hirschhorn, Esq. (by email)

---

[2] In any event, the Court should review Defendants' denial of Plaintiff's claim for benefits *de novo* since the Complaint alleges that a conflict of interest tainted Defendants' consideration of Plaintiff's claim. (Compl. ¶ 43.) *See Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 152 (2d Cir. 1996).

[3] Defendants' reliance on *Hearn v. Western Conference of Teamsters Pension Trust Fund*, 68 F.3d 301 (9th Cir. 1995), is entirely misplaced because the plaintiff there did not contend that the plan breached its fiduciary duty and the court, therefore, assumed without analysis that Section 205(c)(6) applied. *Id.* at 303.